N. ARI WEISBROT (NAW6029)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700
Attorneys for Defendants Yigal Azrouel, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX FURCY on behalf of himself and other similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>YIGAL AZROUEL, INC.,<br><br>Defendant. | CIVIL ACTION NO.: 09 CIV 4048 (RJS)<br>ECF Case<br><br><br><br>ANSWER AND AFFIRMATIVE<br>DEFENSES |

Defendant Yigal Azrouel, Inc. ("Defendant"), by and through its attorneys, Phillips Nizer LLP, by way of answer to the Complaint of plaintiff Felix Furcy ("Plaintiff"), alleges and says:

1.      The allegations contained in paragraph 1 of Plaintiff's Complaint do not set forth allegations of fact and, therefore, no response is required.  Nevertheless, to the extent that the allegations of paragraph 1 are intended to impose any liability upon the Defendant, such allegations are denied.

2.      The allegations contained in paragraph 2 of Plaintiff's Complaint do not set forth allegations of fact and, therefore, no response is required.  Nevertheless, to the extent the allegations of paragraph 2 are intended to impose any liability upon the Defendant, such allegations are denied.

3.      The allegations contained in paragraph 3 of Plaintiff's Complaint call for

conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 3 are intended to impose any liability upon the Defendant, such allegations are denied.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint call for conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 4 are intended to impose any liability upon the Defendant, such allegations are denied.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiff's Complaint and leave Plaintiff to his proofs.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint, except admits that it has a place of business located at 225 West 39th Street, 7th Floor, New York, New York.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff was employed by Defendant in New York County.

8. The allegations contained in paragraph 8 of Plaintiff's Complaint call for conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 8 are intended to impose any liability upon the Defendant, such allegations are denied.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

1082930.1

11. Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint, except admits that Plaintiff was employed by Defendant in various capacities at its location in New York County.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and leave Plaintiff to his proofs.

## COUNT I

17. Defendant repeats and realleges the foregoing answers as if more fully set forth at length herein.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint call for conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 18 are intended to impose any liability upon the Defendant, such allegations are denied.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint call for conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 19 are intended to impose any liability upon the Defendant, such

allegations are denied.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint, except admits that Defendant is in possession of some or all of Plaintiff's employment records.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

## COUNT II

29. Defendant repeats and realleges the foregoing answers as if more fully set forth at length herein.

30. The allegations contained in paragraph 30 of Plaintiff's Complaint call for

conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 30 are intended to impose any liability upon the Defendant, such allegations are denied.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. The allegations contained in paragraph 32 of Plaintiff's Complaint call for conclusions of law to which a response is not required. Nevertheless, to the extent the allegations of paragraph 32 are intended to impose any liability upon the Defendant, such allegations are denied.

**WHEREFORE**, Defendant Yigal Azrouel, Inc. demands judgment in its favor and against Plaintiff Felix Furcy, dismissing the Complaint with prejudice, and awarding Defendant counsel fees and costs, and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any loss sustained by Plaintiff was due to his own acts or omissions or the result of the acts or omissions of persons or entities over which Defendant exercised no control.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant herein, the Defendant conducted itself in good faith and in a commercially reasonable manner, in accordance with applicable customs and practices in the trade or industry, and in compliance with the parties' agreements and all applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages as a result of any acts or omission by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred and/or reduced by the doctrine of set-off.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred as a result of Plaintiff's fraud and misconduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from seeking any recovery as a result of his own material breaches of the parties' agreements.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint and relief sought therein are barred by virtue of the agreements between the parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Putative Class fails to satisfy the statutory requirements of "Numerosity" and therefore cannot be sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Putative Class fails to satisfy the statutory requirements of "Commonality" and therefore cannot be sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Putative Class fails to satisfy the statutory requirements of "Typicality of Claims" and therefore cannot be sustained.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Putative Class fails to satisfy the statutory requirements of "Adequacy of Protective Interest" and therefore cannot be sustained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by operation of the applicable statutes of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under law.

Dated: New York, New York
       June 12, 2009

        **PHILLIPS NIZER LLP**

By:   <u>N. Ari Weisbrot</u>
     N. Ari Weisbrot
     666 Fifth Avenue
     New York, New York 10103-0074
     (212) 977-9700
     Attorneys for Defendant
     Yigal Azrouel, Inc.

1082930.1

## AFFIRMATION OF SERVICE

N. Ari Weisbrot, an attorney at law, duly admitted to practice law in the State of New York affirms the following statements to be true under the penalties of perjury. Deponent is not a party to this action, and is over 18 years of age.

On June 12, 2009, deponent served the within Answer and Affirmative Defenses upon the following attorneys for the parties shown below via Electronic Court Filing, at the address shown below being the address designated by said attorneys for that purpose, and by depositing a true copy of same in a post-paid envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New Jersey:

TO: Robert L. Kraselnik, Esq.
Attorneys for Plaintiff
Law Offices of Robert L. Kraselnik, PLLC
40 Wall Street, 28th Floor
New York, NY 10005

N. Ari Weisbrot<br>
N. Ari Weisbrot

Dated: New York, New York
       June 12, 2009

1082930.1